UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA PINTO PINEDA,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,

Respondents.

Case No.:  26-cv-01801-GPC-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. ECF No. 1. For the reasons set forth below, the Court **GRANTS** the Petition and **ORDERS** that Respondents provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven (7) days. The Court vacates the hearing scheduled for April 3, 2026.

**DISCUSSION**

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2005. ECF No. 1-2. Respondents detained Petitioner in January 2026. ECF No. 1, at 4. Since that time, Petitioner has remained in custody at the Imperial Regional Detention Facility in Calexico, California. *Id.* She has not been provided with a bond hearing. *Id.*

1

26-cv-01801-GPC-AHG

Petitioner alleges that she is wrongfully being subject to mandatory detention under 8 U.S.C. § 1225(b)(2) when she is eligible for a bond haring under § 1226(a). *Id.* She seeks an order from this Court requiring that Respondents provide a prompt custody redetermination bond hearing before an Immigration Judge. *Id.*

Respondents do not oppose an Order granting a bond hearing for Petitioner. ECF No. 4. Thus, Respondents have "effectively concede[ed]" that Petitioner is detained under § 1226(a) rather than § 1225(b)(2) and has been unlawfully denied a bond hearing. *See Vardanyan v. Noem*, No. 5:26-CV-00423-MRA-RAO, 2026 WL 383341, at *2 (C.D. Cal. Feb. 11, 2026).[1]

Given Petitioner's allegations, a bond hearing is the appropriate remedy in this case. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct the unopposed violations outlined in the Petition. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, --- F. Supp. 3d ---, 2025 WL 2998361, at *6 (S.D. Cal. Oct. 24, 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

## ORDER

Accordingly, the Court **ORDERS** as follows:

---

[1] The Court acknowledges that Petitioner's time to file a traverse has not yet passed. However, upon review of the Petition and Response, the Court finds that additional argument is not necessary to inform its decision.

26-cv-01801-GPC-AHG

- Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of this Order.[2] At the hearing, Petitioner bears the burden of demonstrating by the preponderance of the evidence that he is not a danger to the community or flight risk;

- Respondents are **ORDERED** to **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;

- Respondents **SHALL NOT** transfer Petitioner from this district pending her bond hearing;

- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;

- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  March 27, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Respondents request 14 days to provide such a hearing. ECF No. 4, at 2 n.1. However, Petitioner is presently wrongfully detained without a bond hearing. The seriousness and urgency of this violation demands prompt resolution.